**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

—————————————

No. 24-12045

Non-Argument Calendar

—————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CRISTIAN RODRIGUEZ LABOUR,

*Defendant-Appellant.*

—————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00027-CEM-EJK-1

—————————————

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and GRANT,
Circuit Judges.

PER CURIAM:

Cristian Labour appeals his sentence of 84 months of imprisonment for conspiring to commit money laundering. He challenges the district court's reliance on intended loss and the substantive reasonableness of his sentence. Because our precedent forecloses Labour's procedural challenge and the district court reasonably exercised its sentencing discretion, we affirm.

## I. BACKGROUND

From 2021 to 2022, Labour orchestrated a sophisticated money laundering conspiracy in which he and other conspirators compromised computer systems and email accounts to defraud businesses. He recruited and supervised multiple conspirators and directed them to incorporate shell companies and open fraudulent bank accounts to receive illicit wire transfers. Under his direction, the conspirators laundered the proceeds by routing funds to offshore accounts in China and by making structured cash withdrawals to avoid detection. The conspiracy involved more than $3.6 million in intended loss and $2.5 million in actual loss.

An information charged Labour with conspiring to commit money laundering, 18 U.S.C. § 1956(a)(1)(B)(i), (h), and he pleaded guilty. His presentence investigation report calculated a base offense level of 26, United States Sentencing Guidelines Manual § 2S1.1 (Nov. 2023), based on an 18-level enhancement because the offense involved an intended loss greater than $3.5 million, *id.* § 2B1.1(b)(1)(J), a two-level enhancement because he was convicted under section 1956, *id.* § 2S1.1(b)(2)(B), a two-level enhance-

ment because the offense involved fictitious entities, shell corporations, and offshore financial accounts, *id.* § 2S1.1(b)(3), a three-level enhancement because Labour "recruited, managed, and supervised" more than five conspirators, *id.* § 3B1.1(b), and a three-level reduction for acceptance of the responsibility, *id.* § 3E1.1(a), (b), for a total offense level of 30, *id.* ch. 5, pt. A, cmt. n.2. The report calculated a criminal history category of II based on three criminal history points from a prior Florida conviction for aggravated battery with a deadly weapon. With an offense level of 30 and a criminal history category of II, Labour's guideline range was 108 to 135 months of imprisonment. The statutory maximum was 240 months of imprisonment. *See* 18 U.S.C. § 1956(a)(1)(B)(i). The government moved for a downward departure of five levels from Labour's offense level of 30 based on his substantial assistance with cases against his conspirators. *See* U.S.S.G. § 5K1.1.

At sentencing, the district court overruled Labour's objection to the intended-loss amount. It granted the government's motion for a downward departure and calculated an offense level of 25, with a revised guideline range of 63 to 78 months of imprisonment. After considering the advisory guideline range and the statutory sentencing factors, the district court varied upward by six months and sentenced Labour to 84 months of imprisonment, followed by two years of supervised release.

The district court described the irreparable financial harm that Labour had caused his victims, his criminal history, and his re-

cruitment of conspirators. It explained that many of Labour's victims would receive only "pennies on the dollar." It also explained that he had orchestrated the conspiracy while on probation for a state offense and that his sentence from that offense had not been "enough to keep [him] on the straight and narrow." And it explained that Labour was no "hero" for assisting the government with its cases against his conspirators because he was the one who brought them into the conspiracy.

## II. STANDARDS OF REVIEW

Several standards govern our review. We review the interpretation and application of the Sentencing Guidelines *de novo* and findings of fact for clear error. *See United States v. Barry*, 163 F.4th 1346, 1349 (11th Cir. 2026). We review the reasonableness of a sentence for abuse of discretion. *United States v. Touray*, 151 F.4th 1317, 1326 (11th Cir. 2025). A district court abuses its discretion when it "fails to afford consideration" to statutory sentencing factors that were "due significant weight," "gives significant weight to an improper or irrelevant factor," or "commits a clear error of judgment in considering the proper factors." *Id.* at 1332–33 (citation and internal quotation marks omitted).

## III. DISCUSSION

We divide our discussion into two parts. First, we explain that our precedent forecloses Labour's procedural challenge. Second, we explain that his sentence is substantively reasonable.

*A. Our Precedent Forecloses Labour's Procedural Challenge.*

Labour challenges the reliance on intended loss in calculating his guideline range, but he concedes that our precedent forecloses his challenge. In *United States v. Horn*, 129 F.4th 1275, 1300 (11th Cir. 2025), we held that section 2B1.1 of the Sentencing Guidelines requires district courts to consider both actual and intended loss and to apply the greater of the two. The district court applied the intended loss—the greater loss amount—when calculating Labour's advisory guideline range. Our precedent forecloses Labour's procedural challenge.

*B. Labour's Sentence is Substantively Reasonable.*

Labour argues that the district court imposed a substantively unreasonable sentence. But we disagree. The district court did not abuse its discretion. It reasonably considered Labour's criminal history, the nature of the offense, and the need for deterrence. *See* 18 U.S.C. § 3553(a). It explained that the irreparable financial harm Labour caused would result in victims recovering only "pennies on the dollar" and that Labour was no "hero" for assisting the government because he recruited his other conspirators, which together suffices to explain why the upward variance was reasonable. *See Touray*, 151 F.4th at 1332–33. And Labour's 84-month sentence is well below the 240-month statutory maximum. *See* 18 U.S.C. § 1956(a)(1)(B)(i); *United States v. Sotelo*, 130 F.4th 1229, 1245 (11th Cir. 2025). Labour's sentence is substantively reasonable.

## IV. CONCLUSION

We **AFFIRM** Labour's sentence.